## KALT *a.* LIGNOT.

*Supreme Court, First District; Special Term, April,* 1856.

### COSTS.—COUNTER-CLAIM.

Where, in an action on contract, the plaintiff recovers less than fifty dollars, but extinguishes a counter-claim set up in the answer which exceeds that amount, neither party is entitled to costs.

Motion by defendant to affirm taxation of his costs.

The defendant claiming to recover costs in this action, they were taxed in his favor by the clerk, subject to exception taken by the plaintiff. The defendant now moved for an order affirming the taxation.

*W. W. Niles*, for the motion.

*James Eschwege*, opposed.

ROOSEVELT, J.—This is a suit for professional services of a physician, the plaintiff claiming $500, as the proper measure of compensation. The defendant first denies the services, then says they were not worth over $25 ; then alleges unskilfulness and damage consequent upon it to the amount of $5000, and lastly alleges that the plaintiff owes him in addition $171, for champagne and claret.

In other words he meets the plaintiff's claim, be it more or less, by a counter-claim for which in his turn he demands judgment against the plaintiff.

The referee to whom the matter was submitted rejected a large portion of the demands of each party, and found a small balance of $32 in favor of the plaintiff, and the question now is, what disposition is to be made of the costs of suit.

By the Code costs may be allowed " to the prevailing party, upon the judgment."

In this case both parties have failed, and both have prevailed. But the plaintiff, it is said, has recovered less than $50, and must on that ground, in this court, pay costs.

This is a mistake. Both parties, when a counter-claim is interposed, are plaintiffs, and both are defendants; and both in this case have " prevailed" and have " recovered" more than $50. It is only by setting off one recovery against the other that the balance is reduced to $32.

Both being equally in the wrong and each equally liable to the other for costs, it seems to me to be a proper case for offsetting the costs of each against the other, and confining the judgment to the $32.

The language of the Code on the subject of costs was adapted to the state of things existing in 1848. The right of counter-claim, as now existing, was the result of the amendment of 1852.

The original Code therefore may be said to have contemplated but one " prevailing party"—the plaintiff or the defendant—whereas the new provision obviously implied as a consequence that both might prevail, the one in his claim, the

other in his counter-claim. Hence the law of costs, it was assumed, without special enactment, would be so applied as to meet the alteration in the law of claims. And it is the well-known duty of courts of justice so to construe legislative enactments as to make them harmonize so far as practicable with each other and with established principles of right.